IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

MICHAEL ANDERSON,
ADC #130293                                                                    PLAINTIFF

V.                              CASE NO. 5:19-CV-351-BRW-BD

DEXTER PAYNE, *et al*.                                                         DEFENDANTS

RECOMMENDED DISPOSITION

I.      Procedures for Filing Objections

This Recommendation for dismissal has been sent to Judge Billy Roy Wilson. Any
party may file objections if they disagree with the findings or conclusions set out in the
Recommendation. Objections should be specific and should include the factual or legal
basis for the objection.

To be considered, objections must be filed within 14 days. If parties do not file
objections, they risk waiving the right to appeal questions of fact. And, if no objections
are filed, Judge Wilson can adopt this Recommendation without independently reviewing
the record.

II.     Background

Plaintiff Michael Anderson, an Arkansas Division of Correction (ADC) inmate,
filed this civil rights lawsuit without the help of a lawyer. (Doc. No. 1-1) Mr. Anderson
claims that Defendants Sanders and Litzsey denied him access to the courts by removing
legal papers from his cell and that, as a result of this conduct, he was unable to lodge a
timely appeal with the Arkansas Supreme Court and unable to file a timely civil rights

lawsuit regarding his alleged unconstitutional treatment at the Tucker Maximum Security

Unit (MSU).[1] (Doc. Nos. 1-1, 17)

Defendants have moved for summary judgment based on sovereign and qualified

immunity and also on the merits of the claims. (Doc. No. 43) Mr. Anderson has

responded to the motion. (Doc. No. 51)

III.    **Standard**

Summary judgment means that the court rules in favor of a party without the need

for a trial. The Defendants are entitled to summary judgment only if the evidence shows

that there is no genuine dispute as to any fact that is important to the outcome of the case.

FED.R.CIV.P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23 (1986); *Anderson v.*

*Liberty Lobby, Inc.,* 477 U.S. 242, 246 (1986). The Court will view any disputed facts in

a light favorable to Mr. Anderson.

IV.    **Facts**

The ADC's Inmate Property Control policy, Administrative Directive 14-03,

Attachment 2, allows inmates to retain legal papers and documents, "in a reasonable

quantity. . . with his/her assigned storage box provided by the unit." (Doc. No. 43-1,

p.15) According to the policy, inmates can request access to their stored materials

through the prison inmate-request system. (Doc. No. 43-1, p.7)

---

[1] All other claims and Defendants have been dismissed. (Doc. Nos. 18, 20, 31, 32)

Defendant Sanders, the property room officer at the MSU, testifies that on October 24, 2019, she noticed two laundry bags filled with papers in Mr. Anderson's cell. She concedes that some of the papers were legal documents. (Doc. No. 43-3) According to Defendant Sanders, she told Mr. Anderson that he could sort through the bags and keep legal materials in pending lawsuits. She says that he declined the chance to look through the materials or to select documents to keep in his cell. (Doc. No. 43-3) There is no dispute that Defendant Sanders moved the two laundry bags to the property room for storage. (Doc. No. 43-3)

Inmates can access stored property by submitting an inmate request form or a request for interview to review property. (Doc. Nos. 43-3, 43-41, p.7) According to Defendant Sanders, Mr. Anderson never completed an inmate-request form to access his stored legal materials. (Doc. No. 43-3)

In his declaration, Mr. Anderson disputes some of Defendant Sanders's assertions. He states that Defendants Sanders and Litzsey entered his cell on October 28 and confiscated two state-issued laundry bags that contained his legal materials. (Doc. No. 51) He alleges that Defendant Sanders told him that she was taking his legal materials to the property room because he did not have any pending lawsuits. (Doc. No. 51) Mr. Anderson says the Defendants did not give him a chance to look through the bags or to keep any of his legal materials. (Doc. No. 51)

Mr. Anderson also disputes Defendants' assertion that he never completed inmate-request forms to access the stored legal materials. (Doc. No. 51) According to Mr. Anderson, he "utilized every channel available in pursuit of his legal materials," including "Request for Interview, Inmate Request Form, Request for legal materials from UPCO, brought the matter to Warden and [Defendant] Sanders attention during [Mr. Anderson's] scheduled classification meetings, [and] sought numerous grievances exhausting remedies to director." (Doc. No. 51, pp. 8-9) According to Mr. Anderson, Defendants never provided him access to the confiscated legal materials. (Doc. No. 51)

V.     **Discussion**

As an initial matter, Defendants' assertion of sovereign and qualified immunity is irrelevant. Mr. Anderson states that he is not requesting money damages; rather, he seeks injunctive relief, including the return of the bags. Neither sovereign nor qualified immunity bars injunctive relief. *Larson v. Kempker*, 414 F.3d 936, 939 (8th Cir. 2005) (sovereign immunity does not bar plaintiff from obtaining injunctive relief against defendant in his official capacity); *Pearson v. Callahan*, 555 U.S. 223, 242 (2009) (qualified immunity applies only to a request for damages, not to injunctive relief).

The First Amendment unquestionably protects an inmate's right of meaningful access to the courts. *Lewis v. Casey*, 518 U.S. 343, 361 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977). Prison officials must provide inmates with access to legal materials or legal assistance so that they can prepare and pursue their legal claims. *Myers v. Hundley*,

4

101 F.3d 542, 544 (8th Cir. 1996). That said, an inmate's right to access the courts must

be balanced against the legitimate interests of the prison. *Cody v. Weber*, 256 F.3d 764,

769 (8th Cir. 2001).

To prevail on his claim that the Defendants impeded his access to the courts, Mr.

Anderson must plead and prove that he was "actually injured" in regard to a

"nonfrivolous and arguably meritorious underlying legal claim." *White v. Kautzky,* 494

F.3d 677, 680 (8th Cir. 2007) (citing *Christopher v. Harbury*, 536 U.S. 403, 413 (2002)).

In this context, "actual injury" means "actual prejudice with respect to contemplated or

existing litigation, such as the inability to meet a filing deadline or to present a claim."

*Lewis v. Casey*, 518 U.S. 343, 355 (1996); *see also Klinger v. Dept. of Corr.*, 107 F.3d

609, 617 (8th Cir. 1997). The claimed injury cannot be speculative or anticipatory.

*Hartsfield v. Nichols*, 511 F.3d 826, 833 (8th Cir. 2008) (inmate's general assertion that

his lack of access to legal materials prevented him from filing a lawsuit because he did

not know what arguments to make was too speculative).

According to Mr. Anderson, the confiscated legal materials were relevant to three

cases: (1) a state habeas corpus case, *Anderson v. Kelley*, 2020 Ark. 197, 600 S.W.3d 544

(2020); (2) another state habeas corpus case, *Anderson v. Payne* , 2021 Ark. 44, 2021 WL

837055 (2021); and (3) a federal civil rights case, *Anderson v. Kelley*, et al., E.D. Ark.

Case No. 4:20-cv-1195-JM-JTR. (Doc. No. 51, pp.5-6)

5

According to official records, the Arkansas Supreme Court dismissed one of Mr. Anderson's habeas cases because the claims had already been rejected in a previous petition and because there was no error in the judgment and commitment order that would have deprived the trial court of jurisdiction. *Anderson v. Kelley*, 2020 Ark. 197, 600 S.W.3d 544 (2020). The Arkansas Supreme Court dismissed the same claims in Mr. Anderson's other referenced habeas petition as an abuse of the writ. See *Anderson v. Payne*, 2021 Ark. 44, 2021 WL 837055 (2021). And, Mr. Anderson's federal civil rights claims remain pending. *Anderson v. Kelley*, *et al.*, E.D. Ark. Case No. 4:20-cv-1195- JM-JTR.

There is no indication that Mr. Anderson has missed any deadlines in any of the lawsuits he cited. Given the posture of each of Mr. Anderson's lawsuits, he cannot show that he suffered any actual injury as a result of inability to access his legal materials.

Mr. Anderson alleges that he was unable to file a § 1983 complaint regarding his conditions of confinement at MSU from 2017 until October 2019, because he did not have access to his legal materials. (Doc. No. 1) He has not offered any evidence to support that assertion. He concedes that the Clerk of Court provided him with § 1983 forms and that he was able to file this lawsuit in October of 2019. Mr. Anderson alleges that he did not have access to the dates, legal research, or grievance papers pertaining to his claims. (Doc. No. 1, p.6) Even if this is true, he would not have been precluded from filing a claim in federal court simply because he did not include specific

6

dates or proof of exhaustion of grievances. Exhaustion is an affirmative defense that defendants must plead and prove.

Even if the Court assumes Mr. Anderson's version of the facts, he has not demonstrated that an inability to access legal material caused him to suffer any actual injury. Mr. Anderson has not identified any claims that were dismissed because he was unable to provide exact dates, legal theories, or grievances. His claim that he was prevented from filing a § 1983 lawsuit is too speculative to support a claim that he was denied access to the courts.

## VI.    Conclusion

The Court recommends that Defendants' motion for summary judgment (Doc. No. 43) be GRANTED. Mr. Anderson's claims should be DISMISSED, with prejudice.

Dated this 3rd day of May, 2021.

UNITED STATES MAGISTRATE JUDGE